PEOPLE v CRUZ

Docket No. 94760. Submitted February 17, 1987, at Detroit. Decided July 6, 1987.

Daisy Cruz was bound over to the Wayne Circuit Court following a preliminary examination on a charge of possession of, with intent to deliver, over 650 grams of cocaine. The trial court, Cynthia D. Stephens, J., granted defendant's motion to suppress evidence of cocaine seized from the trunk of defendant's car in a search conducted without a warrant. The people appealed by leave granted.

The Court of Appeals *held:*

A police officer who has probable cause to believe that there is contraband somewhere in an automobile may search the entire vehicle, as well as any containers therein, without first obtaining a warrant. In this case, the officers had received a tip from a reliable informant who provided specific details regarding the defendant's description, the automobile she would be driving, the motel she would be arriving at from Florida, and the amount of cocaine defendant would be carrying in her automobile. The officers placed defendant under surveillance, during which their observation confirmed the tip and provided the officers with probable cause to believe that defendant's automobile would contain cocaine.

Reversed and remanded.

1. SEARCHES AND SEIZURES — SEARCHES WITHOUT WARRANTS.

Generally, a search without a warrant is considered unreasonable per se under the Fourth Amendment and is invalid unless it falls within one of the few well-defined exceptions to the warrant requirement.

2. SEARCHES AND SEIZURES — EXCEPTIONS TO WARRANT REQUIREMENT — BURDEN OF PROOF.

The prosecution bears the burden of proving that a search

REFERENCES

Am Jur 2d, Searches and Seizures §§ 35, 41-45, 99.

Validity, under Federal Constitution, of warrantless search of motor vehicle—Supreme Court cases. 66 L Ed 2d 882.

See also the annotations in the Index to Annotations under Search and Seizure.

conducted without a warrant falls within one of the exceptions to the warrant requirement.

3. SEARCHES AND SEIZURES — SEARCHES WITHOUT WARRANTS — AUTO-MOBILES.

A police officer who has probable cause to believe that contraband is contained somewhere in an automobile may search the entire vehicle, as well as any containers therein, without first obtaining a warrant.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *John D. O'Hair,* Prosecuting Attorney, and *Timothy A. Baughman,* Chief of the Criminal Division, Research, Training and Appeals, for the people.

*Fried, Saperstein, De Vine & Kohn, P.C.* (by *James C. Howarth*), for defendant.

Before: D. E. HOLBROOK, JR., P.J., and SULLIVAN and M. WARSHAWSKY,* JJ.

PER CURIAM. The people of the State of Michigan appeal by leave granted from the entry of an order suppressing evidence against defendant Daisy Cruz. We reverse.

Defendant was charged with possession with intent to deliver over 650 grams of cocaine, MCL 333.7401(2)(a)(i); MSA 14.15(7401)(2)(a)(i). After the preliminary examination, defendant moved for the suppression of evidence of the cocaine which was seized from the trunk of her car. The matter was submitted upon the following facts obtained at the examination:

On May 7, 1986, Henry C. Scott, a Detroit police officer, received information from an informant that a pregnant Hispanic woman named Daisy would arrive on that date at the Red Carpet Inn

* Circuit judge, sitting on the Court of Appeals by assignment.

on Southfield Road, Lincoln Park, in a black and gray Chevrolet, Michigan license number 905 RBF, carrying ten kilograms of cocaine. Scott testified that he had known the informant for about two years, during which time the informant had given him credible information on approximately ten to twelve occasions, the majority of which led to arrests and convictions. Scott informed his crew of this tip and set up surveillance of the motel.

After 4 P.M. on that date, officers conducting the surveillance observed defendant arrive at the motel in a car matching the description provided by the informant. Defendant went to the office, returned to her car approximately fifteen minutes later and parked the car. Defendant then removed a brown suitcase and a brown garbage bag from the trunk and entered the motel complex.

Defendant came back to the car after 7 P.M. that evening and, after returning the garbage bag to the trunk, drove away. Defendant was followed by the surveillance unit to an address on Northlawn in Detroit. Defendant parked the car, opened the trunk and removed two brick-sized objects in light brown wrapping from the garbage bag. Defendant took the "bricks" into the house and, about thirty minutes later, left the house empty-handed. Defendant then drove back to the motel.

At approximately 11:20 A.M. the following morning, defendant came out of the motel carrying the garbage bag. As defendant placed the bag into the trunk of her car, Sergeant Joseph Piersante drove by the vehicle and observed defendant arranging the bag in the trunk and stacking up bundles the size of bricks in light brown plastic wrappings. It is unclear whether the bricks were stacked and stored in the garbage bag itself or outside the bag.

Defendant then drove to a Big Boy Restaurant on Southfield Road, where she drove around the

parking lot twice, parked and went into the restaurant. Defendant left the restaurant fifteen minutes later with a male. As defendant drove off, the man followed her in his own car.

Based on his experience as a narcotics officer, Piersante believed defendant was transporting kilo bricks of cocaine and was about to enter into a narcotics transaction. Accordingly, defendant was pulled over on Southfield Road and was escorted from her car. A narcotics dog at the scene was taken to the car and became agitated as it approached the trunk. Police officer Gregory Woods, without a warrant, then opened the trunk, where he found a brown garbage bag which contained eight bricks wrapped in light brown plastic. The bricks were subsequently tested and determined to be cocaine.

As stated, the trial court, based upon such facts, granted the motion and suppressed evidence of the cocaine.

Generally, a search without a warrant is considered unreasonable per se under the Fourth Amendment and is invalid unless it falls within one of the few well-defined exceptions to the warrant requirement. *People v Catania,* 427 Mich 447, 453; 398 NW2d 343 (1986). The burden of proof is upon the prosecution to establish that one such exception to the warrant requirement is applicable to the instant case. A ruling on a motion to suppress evidence will not be set aside unless it is clearly erroneous. A ruling is clearly erroneous when a reviewing court is firmly convinced a mistake has been made. *People v Alfafara,* 140 Mich App 551, 556; 364 NW2d 743 (1985).

On appeal, the people argue that the case is controlled by *United States v Ross,* 456 US 798; 102 S Ct 2157; 72 L Ed 2d 572 (1982). In *Ross,* the United States Supreme Court held that, under the

automobile exception to the warrant requirement, an officer who has probable cause to believe that there is contraband somewhere in an automobile may search the entire vehicle, as well as any containers found therein. 456 US 825. See also *United States v Johns,* 469 US 478; 105 S Ct 881; 83 L Ed 2d 890 (1985).

On the other hand, defendant argues that the matter is properly controlled by *United States v Chadwick,* 433 US 1; 97 S Ct 2476; 53 L Ed 2d 538 (1977), where police officers, with probable cause to believe that a footlocker contained contraband, seized and searched it without a warrant as soon as it had been placed in the trunk of an automobile. The Supreme Court held that the search of the footlocker was unreasonable and could not be legitimized by reasoning similar to that which justifies the "automobile exception" to the warrant requirement. 433 US 11-12. Implicit in its holding though was the belief that the police had no probable cause to believe that the automobile, as opposed to the footlocker, contained contraband. See *United States v Johns, supra.*

In *Ross, supra,* the Court distinguished the case before it, where the focus was on the entire vehicle, from *Chadwick* by adopting the language of Chief Justice Burger's concurrence in *Arkansas v Sanders,* 442 US 753; 99 S Ct 2586; 61 L Ed 2d 235 (1979), a case similar to *Chadwick:*

> "[I]t was the *luggage* being transported by respondent at the time of the arrest, not the automobile in which it was being carried, that was the suspected locus of the contraband [in *Sanders*]. The relationship between the automobile and the contraband was purely coincidental, as in *Chadwick.* The fact that the suitcase was resting in the trunk of the automobile at the time of respondent's arrest does not turn this into an 'automo-

bile' exception case. The Court need say no more."
442 US 766-767. [456 US 813.]

More recently, the Supreme Court relied on *Ross*
in reversing an order which suppressed evidence
found in a package situated in a pickup truck used
by defendant and uncovered during a search with-
out a warrant. In *United States v Johns, supra,*
United States Customs officers, during a surveil-
lance of a suspected drug smuggling operation,
observed two pickup trucks travel to a remote
airstrip near the Mexican border. There, the
trucks were observed as they approached two suc-
cessive airplanes which had landed. After a short
time on the ground, each aircraft departed. Two of
the officers then approached the trucks and or-
dered the suspects to come from behind the trucks
and lie on the ground. These officers, now smelling
the odor of marijuana, looked in the back of the
trucks, where they observed packages wrapped in
a manner which led them to believe that they
contained smuggled marijuana. The suspects were
consequently arrested and the trucks were taken
to law enforcement headquarters, where officers,
without a warrant, took samples of a substance
that was later determined to be marijuana.

Rejecting the contention that *Ross* was inappli-
cable to the resolution of the case, the Court
reasoned that the officers had probable cause to
search the vehicles themselves once they detected
the distinct odor of marijuana. Given this probable
cause, the search of the package without a war-
rant was permissible:

> Given their experience with drug smuggling
> cases, the officers no doubt suspected that the
> scent was emanating from the packages that they
> observed in the back of the pickup trucks. The
> officers, however, were unaware of the packages

until they approached the trucks, and contraband might well have been hidden elsewhere in the vehicles. We agree with the Court of Appeals, . . . that the Customs officers had probable cause to believe that not only the packages but also the vehicles themselves contained contraband. [469 US 482.]

Similarly, here, we conclude that at the time of the search the officers had probable cause to believe that the vehicle itself contained contraband. The officers had initially received information from a reliable informant that a petite, pregnant Hispanic female named Daisy, driving a black and gray four-door Chevrolet with a specific Michigan license plate, would arrive from Florida at the Red Carpet Inn with over ten kilograms of cocaine in her possession. This information cast suspicion on defendant and her automobile, not on any specific container.

As predicted, defendant, matching the physical description provided by the informant, timely arrived at the hotel in a Chevrolet matching the description given. At that point, still before the focus turned to the garbage bag, the police, in our opinion, had probable cause to search her car. We do not believe that such probable cause dissipated when, after observing defendant's suspicious behavior, it became apparent that defendant was dealing drugs from the garbage bag in the trunk of the car. It was still possible that contraband might well have been hidden elsewhere in the vehicle at the time of the search.

Under the circumstances of the case, we believe that the lower court's conclusion that officers had probable cause to search only the garbage bag was clearly erroneous. We therefore vacate the order of suppression and remand the matter for further proceedings not inconsistent with this opinion.

Reversed and remanded.