PEOPLE v DANIELS

Docket No. 116431. Submitted March 14, 1990, at Detroit. Decided
    August 15, 1990.

    Norman Daniels and three other men were standing in a residen-
    tial street in Detroit blocking traffic. A police car approached
    the men and stopped. As one of the officers got out of the car to
    ask the men to disperse, Daniels ran toward a nearby alley.
    The officer chased him into the alley and Daniels turned, knelt
    down, and pointed what appeared to be a long-barreled weapon
    at the officer. No shots were fired. Daniels then ran into a
    house. The officer followed, placed Daniels under arrest, and
    retrieved the weapon from an undisclosed location. Daniels was
    charged in Detroit Recorder's Court with felonious assault and
    possession of a firearm during the commission of a felony. The
    court, Thomas Edward Jackson, J., quashed the information
    after suppressing the firearm as evidence on the basis that
    Daniels had been subjected to an illegal seizure. The people
    appealed.

    The Court of Appeals held:

    1. The action of the police officers in approaching the men as
    they stood in the street did not amount to a seizure under the
    Fourth Amendment. No reasonable person would have consid-
    ered such police conduct to be so intimidating as to instill a
    belief that he was not free to leave.

    2. The police pursuit of the defendant into the alley did not
    amount to a seizure under the Fourth Amendment.

    3. Upon observation of the defendant's apparent felonious
    act, the officer had probable cause to continue chasing the
    defendant, to enter the house in pursuit of the defendant, and
    to arrest the defendant without a warrant. The defendant had
    committed at least two felonies in the presence of the officer,
    felonious assault and possession of a firearm during the com-
    mission of a felony. The officer therefore was entitled to search

REFERENCES

Am Jur 2d, Evidence §§ 412, 416; Searches and Seizures §§ 12, 16,
    43, 44.
See the Index to Annotations under Escape or Flight; Search and
    Seizure.

the defendant as well as the area within the defendant's immediate control for weapons or other contraband. The trial court erred in suppressing the firearm as evidence and in dismissing the charges.

Reversed and remanded.

MICHAEL J. KELLY, J., concurred solely on the basis of stare decisis.

1. SEARCHES AND SEIZURES — UNLAWFUL SEIZURES.

A seizure occurs within the meaning of the Fourth Amendment if, in view of all the circumstances surrounding the incident, a person reasonably believes to lack the freedom to leave; whether or not police conduct violates the Fourth Amendment and amounts to an unlawful seizure must be evaluated in light of all the circumstances surrounding the incident in each case (US Const, Am IV).

2. CRIMINAL LAW — SEARCHES AND SEIZURES — PROBABLE CAUSE.

A police officer who observes a person commit a felony has probable cause to pursue the person, to effect an arrest without a warrant, and to conduct search of the person and the area within the person's immediate control for weapons or other contraband.

3. CRIMINAL LAW — EVIDENCE — EXCLUSIONARY RULE.

The exclusionary rule does not act to bar the introduction of evidence of independent crimes directed at police officers as a reaction to an illegal arrest or search.

*Frank J. Kelley,* Attorney General, *Gay Secor Hardy,* Solicitor General, *John D. O'Hair,* Prosecuting Attorney, *Timothy A. Baughman,* Chief of the Criminal Division, Research, Training and Appeals, and *Jeffrey Caminsky,* Assistant Prosecuting Attorney, for the people.

*Defenders' Office—Legal Aid and Defender Association of Detroit* (by *Joseph W. Loney*), for the defendant on appeal.

Before: REILLY, P.J., and MICHAEL J. KELLY and H. E. DEMING,* JJ.

* Former circuit judge, sitting on the Court of Appeals by assignment.

PER CURIAM. The people appeal as of right from the trial court's order quashing the information and suppressing the firearm as evidence on the basis that defendant had been subjected to an illegal seizure. Defendant had been charged with felonious assault, MCL 750.82; MSA 28.277, and possession of a firearm during the commission of a felony, MCL 750.227b; MSA 28.424(2). We reverse and remand for trial.

On September 25, 1988, at approximately 4:00 A.M., Detroit Police Officer Nathaniel Coleman and his partner were in uniform and on routine patrol in a marked police vehicle when they observed defendant and three other men standing in the middle of a residential street blocking traffic. Coleman got out of his vehicle and approached the group to ask them to disperse. Before Coleman could speak to them, defendant started running toward a nearby alley. Coleman then chased defendant into the alley. Defendant "turned and knelt down and pointed what appeared to be a long-barreled weapon" at Coleman. No shots were fired. Defendant then ran into a house. Coleman followed, placed him under arrest and retrieved the weapon from an undisclosed location.

Defendant moved to quash the information or, in the alternative, to suppress the firearm as evidence. The trial court, relying primarily on *People v Shabaz,* 424 Mich 42; 378 NW2d 451 (1985), and the Court of Appeals decision in *People v Mamon,* 173 Mich App 429; 435 NW2d 12 (1988), granted defendant's motion to suppress the evidence and dismissed the case. *Mamon* has since been reversed. 435 Mich 1; 457 NW2d 623 (1990).

On appeal, the prosecutor contends that the trial court erred in suppressing the evidence. The prosecutor maintains that, given defendant's participation in a street gathering and his unex-

plained flight at the sight of approaching police, the officers were justified in pursuing him. The prosecutor argues that, because defendant was not unlawfully "seized" as contemplated by the Fourth Amendment when the police initially approached defendant or during the ensuing foot chase, the police had sufficient cause to justify whatever minimal intrusion was necessary to investigate the reason for defendant's flight.

A trial court's ruling on a motion to suppress evidence will not be reversed by this Court on appeal unless the decision is clearly erroneous. *People v Payton,* 166 Mich App 428, 430; 421 NW2d 191 (1988). A ruling is clearly erroneous when this Court is left with a definite and firm conviction that a mistake has been made. *People v Daniels,* 160 Mich App 614, 617; 408 NW2d 398 (1987).

The Fourth Amendment to the United States Constitution guarantees "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures . . . ." US Const, Am IV. A person is "seized" within the meaning of the Fourth Amendment if, "in view of all of the circumstances surrounding the incident, a reasonable person would have believed that he was not free to leave." *Michigan v Chesternut,* 486 US 567, 573; 108 S Ct 1975; 100 L Ed 2d 565 (1988); *United States v Mendenhall,* 446 US 544, 554; 100 S Ct 1870; 64 L Ed 2d 497 (1980) (opinion by Stewart, J.). In order to justify a "seizure" as defined in *Chesternut,* or an "investigative pursuit and stop" as described in *Shabaz,* the police must have had a particularized suspicion, based on objective observations, that the person "seized" or "stopped" has been, is, or is about to be engaged in some type of criminal wrongdoing. Whether or not the police conduct

violates the Fourth Amendment and amounts to an unlawful seizure must be evaluated in light of all the circumstances surrounding the incident in each case. *Shabaz, supra* at 59; *Chesternut, supra* at 572; *Mamon, supra.*

We first conclude that the action of the police officers in approaching defendant, who was among a group of several people standing in the middle of a residential street blocking traffic, did not amount to a seizure under the Fourth Amendment. There is no objective basis upon which we can find that a reasonable person would have considered such police conduct to be so intimidating as to instill a belief that he or she was not free to leave. *Chesternut, supra* at 573; *Florida v Royer,* 460 US 491, 497-498; 103 S Ct 1319; 75 L Ed 2d 229 (1983). Indeed, defendant's actions indicated that he believed he was free to leave.

We further conclude, without evidence of more threatening police action, that a reasonable person would have believed that he or she was free to leave and disregard the police presence when being chased on foot by a uniformed police officer into an alley. *Mamon, supra.* Therefore, the police pursuit of defendant into the alley did not amount to a seizure under the Fourth Amendment. *Id.*

Moreover, upon observation of defendant's apparent felonious act, Coleman had probable cause to continue chasing defendant, to enter the house following defendant, and to arrest him without a warrant. A reasonable person would have believed that defendant had committed at least two felonies in the presence of Coleman, felonious assault and possession of a firearm during the commission of a felony. MCL 764.15(d); MSA 28.874(d). Coleman was therefore entitled to search defendant's person as well as the area within defendant's immediate control for weapons or other contraband. *Chimel v*

*California,* 395 US 752, 763; 89 S Ct 2034; 23 L Ed 2d 685 (1969). Even if we had concluded that the police pursuit of defendant into the alley constituted an illegal seizure under the Fourth Amendment, we are convinced that the exclusionary rule does not act to bar the introduction of evidence of independent crimes directed at police officers as a reaction to an illegal arrest or search. *State v Boilard,* 488 A2d 1380, 1386-1387 (Me, 1985). Any other conclusion would effectively give a person who has been the victim of an illegal seizure the right to employ whatever means available, no matter how violent, to elude capture.

The trial court's decision to suppress the firearm as evidence on the basis of the chase was clearly erroneous. Reversed and remanded for trial.

MICHAEL J. KELLY, J. *(concurring).* I concur in the result reached because *People v Mamon,* 435 Mich 1; 457 NW2d 623 (1990), dictates such a result. The fact that *Mamon* hypothecates a reasonable person I do not recognize does not warrant departure from the rule of stare decisis.