PEOPLE v MARTINEZ

Docket No. 124123. Submitted September 5, 1991, at Grand Rapids.
Decided November 19, 1991, at 9:20 A.M. Leave to appeal
denied, 439 Mich 945.

David Martinez was convicted in the Ottawa Circuit Court, James
E. Townsend, J., of possession with intent to deliver marijuana,
after tendering a plea of guilty conditioned on the preservation
of his right to appeal the denial of a motion for the suppression
of evidence of the marijuana. At the suppression hearing, two
police officers testified that the parking lot of the defendant's
employer had been placed under surveillance for suspected
narcotics traffic, because the police had received tips that the
defendant was selling drugs there, that they had observed the
defendant and two other men get into the defendant's parked
automobile and had approached the automobile although they
did not suspect illegal activity, and that one officer had ob-
served what he thought to be a marijuana cigarette near a
passenger's leg when he looked through the automobile's win-
dow. One officer further testified that he then ordered the two
passengers to get out of the automobile and made them empty
their pockets, but did not find the cigarette then or ever. The
other officer testified that, when he ordered the defendant to
get out of the driver's seat, he observed a bag and asked the
defendant for permission to examine it. Over the defendant's
refusal, the officer examined the bag and found marijuana in it.
The defendant appealed, arguing that there was insufficient
probable cause for the officers to conduct a search of the vehicle
and its passengers and contents without a warrant.

The Court of Appeals *held:*

The plain-view exception to the warrant requirement, upon
which the prosecution relies, is not applicable to the search and
seizure in this case. That exception permits police officers to
seize evidence or contraband they observe following a justifiable
intrusion into an area in which a person has a reasonable
expectation of privacy where there is prior justification for the
intrusion, the evidence is obviously incriminatory or contra-
band, and discovery of the evidence is inadvertent. Because the
officers in this case had not suspected illegal activity until one
officer saw the purported marijuana cigarette that was never

found, there was insufficient probable cause for the search of the automobile or its occupants. On remand, the evidence should be suppressed and the charge should be dismissed.

Reversed and remanded.

*Frank J. Kelley,* Attorney General, *Gay Secor Hardy,* Solicitor General, *Ronald J. Frantz,* Prosecuting Attorney, and *Karen Jongekrijg Miedema,* Assistant Prosecuting Attorney, for the people.

*David G. Sherwood,* for the defendant on appeal.

Before: HOLBROOK, JR., P.J., and McDONALD and NEFF, JJ.

PER CURIAM. Defendant was convicted in the Ottawa Circuit Court pursuant to a conditional plea of guilty of possession with intent to deliver marijuana, MCL 330.7401(2)(c); MSA 14.15(7401)(2)(c). He was sentenced to twenty-four months' probation with 180 days in jail, work release, and review after thirty days. Defendant was released from jail after serving thirty days. He now appeals as of right, and we reverse.

I

On December 29, 1988, officers from the Holland Police Department conducted surveillance of the parking lot at defendant's workplace. The human resources officer for defendant's employer had advised the police that he had received complaints that defendant was selling drugs in the parking lot. This information had been passed to the police at an earlier time but was acted upon on the night in question because it was believed that defendant might be taking a voluntary layoff on that date. The police earlier had received a tip from a silent observer and a tip from an informant that defen-

dant might be a drug dealer, but had not acted on that information.

On the night in question, the police identified defendant's car in the parking lot and observed a man standing near the car before the shift change. Shortly after the shift change, two other men approached the car from the direction of the plant. All three men then got into the car. The police did not have a description of defendant and did not know from personal experience or photographs what he looked like. After a short time, the two officers involved in the surveillance, each in a separate car, decided during radio conversation to approach defendant's vehicle. They admitted that at that point they had no indication of any illegal activity taking place. In fact, one of the officers, Sergeant Simmons, testified at the suppression hearing as follows:

> As I previously testified, at that point I didn't expect to see anything going down. . . . But I felt that, irregardless, [sic] he had to be confronted, if, if there was nothing more, at least confronted and told we have this information, you know, whether it's—and, you know, we would have to just go and, hopefully, that if it was—if it was true, it would stop, and if it wasn't true, you know, then that would be it; it wasn't going on, so it wouldn't happen anyway.

Simmons also testified that he walked up to the passenger side of the car, which was partly frosted over, that he had a flashlight in his hand and could see in the car, and that the front seat passenger had a rolled cigarette, which Simmons assumed was a marijuana cigarette, on his left leg. Simmons testified that when he observed the cigarette he was at an angle to the car and that he then "got excited." He said that he wasn't yet

ready to approach the car, but that he could see the three people in the car and they were asking for his identification. He tried to open the door of the car but did not know where the handle was located. He finally got his wallet out to show his identification and convinced the passenger to open the door.

When the door opened, Simmons could no longer see the cigarette. At the officer's request, the passenger pulled his pockets out, revealing money in one pocket. Also at the officer's request, the rear seat passenger got out of the car and emptied his pockets. No cigarette was found.

Simmons then went to the passenger side of the car, searched for the cigarette but could not find it. He testified that there was a package of Zig-Zag papers on the floor of the car but he did not retrieve it or open it.

In the meantime, Simmons' partner, Officer Kleis, arrived at the other side of the car. Kleis agreed that Simmons was "excited." Simmons told Kleis that he had observed a marijuana cigarette. Kleis then asked defendant, who was behind the steering wheel, to get out of the vehicle. Defendant got out of the car, and Kleis then observed an opaque, white shopping bag in the vehicle. He asked defendant for permission to search the bag, and permission was denied. He opened the bag and found marijuana.

No marijuana cigarette was found during the search of the occupants or the searches of the car at the time of the arrest and during its impoundment. No Zig-Zag papers were ever found.

Defendant waived preliminary examination and brought in the circuit court a motion to suppress the evidence. Defendant was the only one charged, even though Simmons alleged that it was the front

seat passenger who had possession of the marijuana cigarette.

Defendant's motion to suppress was based on the claim that there was insufficient probable cause for the officers to conduct a search without a warrant of the vehicle, including the contents of the white, opaque bag in which the marijuana was found.

In denying the motion to suppress, the trial court held:

> The court finds that, on the early morning of December 30, within a few minutes of midnight, that Detective Simmons did observe what he believed to be a marijuana cigarette, based on his many years of experience as a narcotics officer, in the vehicle owned and occupied by the defendant, Mr. David Martinez, and that that gave him probable cause to believe that the vehicle contained contraband, especially when it was not produced, that is, the cigarette was not produced by either of the two occupants whom he had exit the vehicle and inquired about. I don't believe that Detective Simmons had more than a suspicion of contraband or inappropriate activity taking place within that vehicle and, so, without his observing the cigarette, I don't believe that he had probable cause to believe that the vehicle contained contraband, at least based on the information which he has disclosed in court. But I do find that there was probable cause under these circumstances and, so, I'm going to deny the motion to suppress.

## II

Generally, a search without a warrant is considered unreasonable under the Fourth Amendment of the United States Constitution and Const 1963, art 1, § 11 and is thereby invalid unless it falls within one of the few well-defined exceptions to

the warrant requirement. *People v Toohey,* 438 Mich 265; 475 NW2d 16 (1991); *People v Catania,* 427 Mich 447, 453; 398 NW2d 343 (1986); *People v Cruz,* 161 Mich App 238, 241; 409 NW2d 797 (1987). The prosecution has the burden of proving that one of the exceptions to the warrant requirement is applicable in order to overcome a motion to suppress under such circumstances. *People v Reed,* 393 Mich 342, 362; 224 NW2d 867 (1975); *Cruz, supra,* p 241.

This Court will reverse a trial court's decision following a suppression hearing only if it is clearly erroneous. *People v Burrell,* 417 Mich 439; 339 NW2d 403 (1983). A finding is clearly erroneous where, although there is evidence to support it, the reviewing court is firmly convinced that a mistake has been made. *People v Good,* 186 Mich App 180; 463 NW2d 213 (1990); *People v Alfafara,* 140 Mich App 551, 556; 364 NW2d 743 (1985).

There are recognized exceptions to the warrant requirement, including the exception for seizure of items in plain view. *People v Daniels,* 160 Mich App 614, 619-620; 408 NW2d 398 (1987). If police officers conduct a search and seizure without a warrant relying on an exception to the warrant requirement, their conduct is tested under a reasonableness standard. *Cady v Dombrowski,* 413 US 433, 448; 93 S Ct 2523; 37 L Ed 2d 706 (1973). Each case must be evaluated for reasonableness on its own facts and circumstances. *Cooper v California,* 386 US 58, 59; 87 S Ct 788; 17 L Ed 2d 730 (1967).

III

In this case, no activity by defendant or the passengers in his car provided any probable cause for the police to suspect illegal activity before approaching the vehicle. Only the officer's claimed

observation of a hand-rolled cigarette through a frosty window provided the "probable cause" basis for a search without a warrant. However, a hand-rolled cigarette was never found on any occupant of the vehicle or in the vehicle itself. It is this latter fact that we find fatal to the position of the prosecution.

The prosecution relies on *Alfafara, supra,* in support of its position that the observation of what the officer assumed to be a marijuana cigarette justified the search without a warrant. *Alfafara* and other plain-view cases are distinguishable from the facts of this case. In *Alfafara,* the defendant's car was stopped for speeding. When the officer looked in the car to speak with the driver, he noticed "an alligator clip . . . with a roach attached to it." The defendant was asked to get out of the car, the partially burned cigarette and clip were confiscated, and the defendant was arrested. A later search of the vehicle disclosed other illegal substances.

The *Alfafara* Court determined that, because the vehicle was properly stopped for speeding, the officers had the right to approach the vehicle and the discovery of the marijuana was an inadvertent result of usual procedures conducted during a routine traffic stop. *Alfafara, supra,* pp 556-557. The Court further held that a partially burned cigarette in a roach clip observed in plain view in the car by an officer with prior experience in narcotics work provided probable cause to seize the roach clip containing the cigarette butt to ascertain whether it contained marijuana, and supported a lawful arrest for possession of marijuana. *Id.,* p 557. The lawful arrest justified the subsequent search of the vehicle and the seizure of additional quantities of illegal substances.

The requirements of the plain-view exception were met in *Alfafara* because there was prior justification for intrusion into an otherwise protected area, the evidence was obviously incriminat-

ing or contraband, the discovery of the evidence was inadvertent, and the evidence observed in plain view was actually found and seized. Other plain-view cases involve the same elements. *Daniels, supra,* pp 614, 616; *People v Blackburne,* 150 Mich App 156, 162; 387 NW2d 850 (1986); *People v United States Currency,* 148 Mich App 326, 329; 383 NW2d 633 (1986).

As noted by the trial court, the only basis for finding probable cause to conduct a search without a warrant in this case was the alleged observation of a hand-rolled cigarette. We hold that the failure to find the cigarette in the vehicle or on any of its occupants rendered any further search unreasonable. When Simmons and Kleis were unable to find the cigarette, they should have terminated their search of the vehicle and the occupants. To hold otherwise would be to provide an open invitation to abuse the plain-view exception to the warrant requirement by claiming observation of contraband as a pretext to search. Such claims of observation would be, as in this case, unverifiable, raising the unanswerable question whether the evidence claimed to have been in plain view ever existed in the first place.

We are firmly convinced that a mistake has been made and that the ruling of the trial court was clearly erroneous. Evaluation of the facts and circumstances of this case leads us to the conclusion that the conduct of the police after the officers failed to find a marijuana cigarette was unreasonable.

We hold that the seizure of the marijuana in this case was the result of an illegal search without a warrant, the evidence should be suppressed, and the charge against defendant should be dismissed. Reversed and remanded for proceedings consistent with this opinion. We do not retain jurisdiction.