PEOPLE v WADDELL

Docket No. 67669. Submitted November 9, 1983, at Detroit.—Decided
    February 8, 1984.

    John Waddell, Jr., was stopped by City of Detroit police officers
    when they observed Waddell driving his vehicle in an erratic
    manner. He was arrested for driving with a suspended license.
    While arresting Waddell, one of the officers noticed a duffle bag
    in the back of Waddell's car. The officer proceeded to search the
    duffle bag and inside the bag he found another bag which
    contained a pistol. Waddell was charged with carrying a pistol
    in a motor vehicle. Subsequently, the Detroit Recorder's Court,
    Beverly A. Jasper, J., suppressed the gun as evidence and
    dismissed the case finding that the search and seizure was
    unreasonable. The people appealed by leave granted. *Held:*

        The lower court's decision to grant the defendant's motion to
    dismiss was erroneous. Police officers may validly search the
    interior of a car incident to a lawful arrest even though none of
    the occupants of the vehicle are within lunging distance of any
    contraband and the officers have no probable cause to search
    the car.

        Reversed.

SEARCHES AND SEIZURES — AUTOMOBILES.

    A police officer may search the interior of a car incident to a
    lawful arrest even though none of the occupants of the vehicle
    are within lunging distance of contraband and the officer has
    no probable cause to search the car.

*Frank J. Kelley,* Attorney General, *Louis J.
Caruso,* Solicitor General, *William L. Cahalan,*
Prosecuting Attorney, *Edward Reilly Wilson,* Dep-

REFERENCES FOR POINTS IN HEADNOTE
68 Am Jur 2d, Searches and Seizures §§ 39, 96.
Validity, under Federal Constitution, of warrantless search of auto-
    mobile—Supreme Court cases. 26 L Ed 2d 893.
Lawfulness of search of motor vehicle following arrest for traffic
    violation. 10 ALR3d 314.

uty Chief, Civil and Appeals, and *John A. Scavone,* Assistant Prosecuting Attorney, for the people.

*James H. Daniel,* for defendant on appeal.

Before: T. M. Burns, P.J., and Gribbs and C. J. Hoehn,* JJ.

Per Curiam. On May 23, 1982, appellee was stopped by Detroit police officers for driving his motor vehicle in an erratic manner. A computer check revealed that appellee was driving on a suspended license. He was asked to exit from the car, was placed under arrest and handcuffed.

One of the officers noticed a duffle bag in the back of appellee's car. The duffle bag belonged to appellee. The officer proceeded to search the duffle bag and, inside the duffle bag, he found another bag. The second bag contained a gun and appellee was arrested for carrying a pistol in a motor vehicle, MCL 750.227; MSA 28.424.

After an evidentiary hearing, the trial court suppressed the gun as evidence and dismissed the case on the grounds that the police officer's conduct violated the Fourth Amendment's prohibition against unreasonable searches and seizures.

Once again, we are in the sensitive area between the rights of the citizen not to be subjected to unreasonable searches and seizures and the necessity of the police to search a vehicle when the driver has been arrested. The ambivalence of the Supreme Court on this subject is apparent in its history as outlined in *New York v Belton,* 453 US 454; 101 S Ct 2860; 69 L Ed 2d 768 (1981).

In *Belton,* a policeman stopped a car with three occupants for driving at an excessive rate of speed. In the course of checking the license of the driver and registration of the automobile, the officer

* Circuit judge, sitting on the Court of Appeals by assignment.

smelled burned marijuana and observed an envelope on the floor of the vehicle which he associated with marijuana. The policeman directed the occupants to get out of the car and placed them under arrest for the unlawful possession of marijuana. The officer first searched the occupants of the car and then proceeded to search the interior of the car. On the back seat, he found a black leather jacket belonging to one of the occupants. He unzipped one of the pockets and discovered cocaine. The issue in *Belton* was whether or not an officer may search incident to a lawful arrest when there is no longer any danger that the arrestee or a confederate might gain access to the contraband article. That is to say, within the "lunging distance" of one of the arrestees. *Chimel v California,* 395 US 752; 89 S Ct 2034; 23 L Ed 2d 685 (1969).

By a sizable majority, the justices in *Belton* have established the proposition that officers may search the interior of a car as an incident to a lawful arrest even though none of the occupants of the vehicle are within lunging distance of the contraband and the officers have no "probable cause" to search the car. The test of whether or not the precautions taken by officers to insure their safety were reasonable in light of the arrestee's privacy interest is no longer decided on an ad hoc basis. *Belton* mandates an objective test based on proximity in time and space of the search to the arrest rather than a subjective test based on an appellate court's appraisal of the likelihood that defendant posed a danger to the officers. *People v Jackson,* 123 Mich App 423; 332 NW2d 564 (1983).

In view of *Belton,* the trial court's decision to grant defendant's motion to suppress was clearly erroneous.

Reversed.