PEOPLE v GOINS

Docket No. 94315. Submitted June 30, 1987, at Detroit. Decided August 13, 1987. Leave to appeal applied for.

Joyce R. Goins was arrested following execution of a search warrant and was charged with possession of over 650 grams of cocaine. After being bound over for trial on that charge, defendant moved in the Recorder's Court of Detroit to suppress the evidence seized in the search and to quash the information. The trial court, Samuel C. Gardner, J., granted the motion, holding that the affidavit supporting the warrant was insufficient in that it failed to establish that the information from an informer upon which the warrant was based was reliable or that the informer was credible. The people appealed.

The Court of Appeals *held:*

The magistrate could have reasonably inferred that the informer could identify the substance found in the defendant's house as cocaine and that the informant was credible. There was sufficient other evidence to establish that the informant's information was reliable. Accordingly, it was an abuse of discretion for the trial court to hold that the search warrant was deficient.

Reversed.

SEARCHES AND SEIZURES — SEARCH WARRANTS — PROBABLE CAUSE — AFFIDAVITS.

An affidavit offered to show probable cause why a search warrant should issue, when based upon information supplied by an informant, must contain affirmative allegations that the informant spoke with personal knowledge of the facts asserted, set forth facts from which one can conclude that the informant is credible, and demonstrate that the information supplied by the informant is reliable.

REFERENCES

Am Jur 2d, Searches and Seizures § 65.

Disputation of truth of matters stated in affidavit in support of search warrant—modern cases. 24 ALR4th 1266

Propriety of considering hearsay or other incompetent evidence in establishing probable cause for issuance of search warrant. 10 ALR3d 359.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *John D. O'Hair,* Prosecuting Attorney, *Timothy A. Baughman,* Chief of the Criminal Division, Research, Training and Appeals, and *Jeffrey Caminsky,* Assistant Prosecuting Attorney, for the people.

*William O. Culpepper,* for defendant.

Before: J. H. GILLIS, P.J., and D. F. WALSH and J. R. ERNST,* JJ.

PER CURIAM. Defendant was arrested following an execution of a search warrant and was charged with possession of over 650 grams of cocaine, MCL 333.7403(2)(a)(i); MSA 14.15(7403)(2)(a)(i). Following a preliminary examination, she was bound over for trial on the charge. Defendant subsequently moved to suppress the evidence and to quash the information, claiming that the search warrant was defective. The prosecution appeals as of right from the trial court's order granting defendant's motion. We reverse.

A warrant to search a citizen's home may not be issued absent probable cause. Const 1963, art 1, § 11; MCL 780.651; MSA 28.1259(1). A magistrate may only consider the information in the affidavit in determining whether or not probable cause exists to issue a search warrant. Probable cause exists when the facts and circumstances would warrant a person of reasonable prudence to believe that the evidence of a crime or contraband sought are in the stated place. The magistrate's determination of probable cause is entitled to great deference and should be upheld absent an abuse of discretion. *People v Sundling,* 153 Mich App 277, 285-286; 395 NW2d 308 (1986). The trial

---

* Circuit judge, sitting on the Court of Appeals by assignment.

court's decision on a motion to suppress will be reversed only if the trial court abused its discretion or if its decision was clearly erroneous. *People v Tanis,* 153 Mich App 806, 808; 396 NW2d 544 (1986).

When a search warrant is based on informant-supplied information, the affidavit in support must: (1) contain affirmative allegations that the informant spoke with personal knowledge; (2) set forth facts from which one can conclude that the informant is credible; and (3) demonstrate that the information is reliable. *People v Sherbine,* 421 Mich 502, 509-510; 364 NW2d 658 (1984); MCL 780.653; MSA 28.1259(3). In this case, the trial court found the affidavit in support of the search warrant deficient in all three aspects of the *Sherbine* test. We find this holding of the trial court clearly erroneous.

The magistrate could reasonably infer from the information concerning the informant's cooperation in other narcotics investigations that the informant could identify the substance he saw in defendant's home as cocaine.

We also disagree that the facts were insufficient to support a finding that the informant was credible. The fact that the information supplied by the informant had only led to further investigations does not compel the trial court's finding. It is sufficient that independent investigation had verified his information in the past.

Finally, the magistrate could reasonably conclude that the informant's information was reliable. The affiant had placed defendant's home under surveillance on February 20 and February 21, 1986. During this time, he observed a jeep traveling from defendant's home to an apartment building. The driver of the jeep left defendant's home with a large paper bag and carried the bag into

the apartment building where he stayed for approximately five minutes. Within a few minutes, other people entered the apartment building, remained for a short time, and then took up positions on nearby street corners. The affiant's observations sufficiently corroborated the informant's assertion that he observed a quantity of cocaine in defendant's home on February 23, 1986.

Reversed.