PEOPLE v SINISTAJ

Docket No. 109816. Submitted December 13, 1989, at Lansing. Decided February 13, 1990.

Fran Sinistaj was convicted following a jury trial in Oakland Circuit Court, Richard D. Kuhn, J., of possession with intent to deliver more than 50 grams but less than 225 grams of cocaine and carrying a pistol in a vehicle. He was sentenced to a prison term of from ten to twenty years on the cocaine charge and from three to five years on the weapon charge. Defendant appealed, asserting that the trial court should have suppressed as evidence the cocaine and weapon as the fruit of an unlawful search and seizure, that the trial court erred by refusing to grant defendant's motion for an adjournment to secure new trial counsel and that the trial court should have sentenced defendant under the amended punishment provision which substituted a five-year mandatory minimum sentence for the previous ten-year mandatory minimum sentence.

The Court of Appeals *held:*

1. The approach of the police officers to the parked vehicle in which defendant was sitting did not constitute, under these noncoercive circumstances, an investigatory stop. The suspicious behavior by the passenger who jumped from the vehicle as the police approached provided a reasonable articulable suspicion of criminal activity, at least with respect to the passenger, sufficient to warrant the officer to proceed to make an investigatory stop.

2. The police officer properly arrested defendant for having open intoxicants in a vehicle upon observing those intoxicants in the vehicle upon his approach to the vehicle as part of the investigatory stop. The cocaine and weapon found upon defendant's person and within the passenger compartment were

REFERENCES

Am Jur 2d, Continuance §§ 27, 28, 35; Criminal Law § 590; Searches and Seizures §§ 39, 40-45.

Contruction of statute or ordinance making it an offense to possess or have alcohol beverages in opened package in motor vehivle. 35 ALR3d 1418.

Lawfulness of search of motor vehicle following arrest for traffic violation. 10 ALR3d 314.

properly seized as the fruit of a lawful search incident to defendant's arrest.

3. Upon finding the drugs on defendant's person and the weapon in the passenger compartment, the police officers had probable cause to believe that other drugs might be concealed in other areas of the vehicle. Accordingly they could properly search these other areas without a search warrant.

4. The trial court did not abuse its discretion by denying the motion to adjourn for the purpose of securing new defense counsel since defendant was dilatory in waiting until the first day of trial to bring the motion.

5. Defendant was properly sentenced in accordance with the sentencing provision as it existed at the time of the crime, there being no indication that the new reduced mandatory minimum sentence was to be given retroactive effect.

Affirmed.

1. CRIMINAL LAW — NONINVESTIGATORY ENCOUNTERS — INVESTIGATORY STOPS.

The mere approach by a police officer toward a parked vehicle, in the absence of intimidating circumstances such as the use of the overhead flashing lights on the police vehicle or a drawn gun, does not constitute an investigatory stop for which a police officer must have some reasonable articulable suspicion of ongoing criminal activity; suspicious movements observed during such an approach may give rise to the reasonable articulable suspicion of ongoing criminal activity to allow the officer to proceed to make an investigatory stop.

2. ARREST — AUTOMOBILES — ALCOHOLIC BEVERAGES — ORDINANCES.

Police officers are statutorily empowered to arrest without a warrant for an ordinance violation committed in the officer's presence; accordingly, where there is a local ordinance prohibiting open alcoholic beverages in the passenger compartment of a vehicle in a public place, a police officer may lawfully arrest a person for violation of the ordinance if the officer observes the person with open alcoholic beverages in a vehicle in a public place (MCL 764.15[1][a]; MSA 28.874[1][a]).

3. CRIMINAL LAW — SEARCHES AND SEIZURES — AUTOMOBILES — CUSTODIAL ARREST.

A police officer may search, as a contemporaneous incident to a lawful custodial arrest of the occupant of an automobile, the person of the occupant and the passenger compartment of the automobile and may examine the contents of any containers found in the passenger compartment.

4. SEARCHES AND SEIZURES — SEARCHES WITHOUT WARRANT — AUTO-
   MOBILES.

   A police officer who has probable cause to believe that contraband
   is contained somewhere in an automobile may search the
   entire vehicle, as well as any containers therein, without first
   obtaining a warrant.

5. CRIMINAL LAW — TRIAL — CONTINUANCES — APPEAL.

   The grant or denial of a continuance rests within the discretion
   of the trial court; reversal is mandated only upon an abuse of
   discretion resulting in prejudice to the accused; on appeal, the
   Court must consider (1) whether defendant is asserting a consti-
   tutional right, (2) whether there is a legitimate reason for
   asserting the right, (3) whether defendant is guilty of negli-
   gence, (4) whether adjournments were at defendant's behest,
   and (5) whether prejudice will result to defendant.

6. CONTROLLED SUBSTANCES — STATUTES — AMENDMENT OF STATUTES
   — SENTENCING.

   A person convicted of possession with intent to deliver more than
   50 but less than 225 grams of cocaine where the crime was
   committed prior to the amendment of the mandatory minimum
   term from ten to five years is subject to the ten-year mandatory
   minimum sentence even though sentence is imposed after the
   effective date of the amendment (MCL 7401[2][a][iii]; MSA
   14.15[7401][2][a][iii]).

*Frank J. Kelley,* Attorney General, *Louis J.
Caruso,* Solicitor General, *Richard Thompson,*
Prosecuting Attorney, *Robert C. Williams,* Chief,
Appellate Division, and *Richard H. Browne,* Assis-
tant Prosecuting Attorney, for the people.

*Colista, Adams, Dettmer & Palmer, P.C.* (by
*Robert W. Palmer* and *F. Philip Colista*), for defen-
dant.

Before: REILLY, P.J., and CYNAR and T. M.
BURNS,* JJ.

PER CURIAM. Defendant appeals as of right his

* Former Court of Appeals judge, sitting on the Court of Appeals by
assignment.

convictions for possession with intent to deliver between 50 and 225 grams of cocaine, MCL 333.7401(2)(a)(iii); MSA 14.15(7401)(2)(a)(iii), and carrying a pistol in a vehicle, MCL 750.227; MSA 28.424. He was sentenced to terms of ten to twenty years on the cocaine possession conviction and three to five years on the weapon charge, these sentences to run concurrently. Defendant challenges the admission of evidence obtained through an allegedly unlawful search and seizure, the trial court's denial of his request for an adjournment, and the sentence imposed. We affirm.

At about 2:15 A.M. on March 30, 1986, Farmington Hills police officer Brad Schwartz received a call that a suspicious white car with two occupants had been sitting in an apartment complex parking lot for some time. Officer Ed Wozniak, who was riding with an auxiliary officer, also received the call. Schwartz arrived at the apartment complex a second or two before Wozniak, who drove up behind him. Schwartz parked within about twenty feet of the white car and started to leave his own semi-marked vehicle. Almost simultaneously, the passenger got out of the suspect car and, in a frantic and nervous manner, asked Officer Schwartz what he wanted. The passenger took one hand out of his pocket, clenched his fist and quickly put it back in his pocket. Concerned that he might have a weapon, Schwartz asked the passenger several times to take his hand out of his pocket, but he refused. The officer grabbed the passenger's hand and forced it open, revealing a packet of white powder. Schwartz and Wozniak then arrested the passenger for possession of cocaine.

While this was taking place, defendant sat motionless in the driver's seat of the white car, with both hands on the steering wheel. Through the

open passenger door, the officer saw an open beer can and an open bottle of cognac on the floor of the front seat. Officer Wozniak decided to arrest defendant for having open intoxicants in his car. When he patted down defendant, Wozniak found a telephone pager clipped to defendant's belt, a small vial of suspected cocaine and $2,715 in cash. While Wozniak was arresting defendant, Schwartz found under the driver's seat a fully loaded revolver, a loose round of ammunition and a brown paper bag containing drug paraphernalia. After placing defendant in his patrol car, Wozniak removed the keys from the ignition, opened the trunk of the car and noticed a cardboard panel slightly ajar. Behind the panel was a tape-covered brown box containing 106.52 grams of cocaine and a package of baking soda.

Defendant contends that the evidence found on his person and in his car when he was arrested was inadmissible at the preliminary examination and at trial as the fruit of an unlawful search and seizure by the police. First, he argues that the police officers' actions in arriving at the apartment parking lot and approaching defendant's vehicle constituted an investigatory stop, for which they had no reasonable articulable suspicion of ongoing criminal activity.

A seizure which triggers the protections of the Fourth Amendment occurs when, under the circumstances, a reasonable person would have believed that he was not free to leave. *United States v Mendenhall,* 446 US 544; 100 S Ct 1870; 64 L Ed 2d 497 (1980); *People v Shabaz,* 424 Mich 42, 66; 378 NW2d 451 (1985), cert dis 478 US 1017; 106 S Ct 3326; 92 L Ed 2d 733 (1986). However, not all encounters between police and citizens rise to the level of a seizure requiring constitutional justification. *Terry v Ohio,* 392 US 1, 19, n 16; 88 S Ct

1868; 20 L Ed 2d 889 (1968). In *Florida v Royer,* 460 US 491, 497; 103 S Ct 1319; 75 L Ed 2d 229 (1983), Justice White wrote in a plurality opinion:

> [L]aw enforcement officers do not violate the Fourth Amendment by merely approaching an individual on the street or in another public place, by asking him if he is willing to answer some questions, by putting questions to him if the person is willing to listen, or by offering in evidence in a criminal prosecution his voluntary answers to such questions. . . . Nor would the fact that the officer identifies himself as a police officer, without more, convert the encounter into a seizure requiring some level of objective justification.

Earlier, in *Mendenhall, supra* at 554, also in a plurality opinion, the Supreme Court offered examples of circumstances which might constitute a seizure, even where the person made no attempt to leave:

> [T]he threatening presence of several officers, the display of a weapon by an officer, some physical touching of the person of the citizen, or the use of language or tone of voice indicating that compliance with the officer's request might be compelled.

More recently, in *Immigration & Naturalization Service v Delgado,* 466 US 210, 216; 104 S Ct 1758; 80 L Ed 2d 247 (1984), the Court explained:

> Although we have yet to rule directly on whether mere questioning of an individual by a police official, without more, can amount to a seizure under the Fourth Amendment . . . [it] is apparent . . . that police questioning, by itself, is unlikely to result in a Fourth Amendment violation. While most citizens will respond to a police request, the fact that people do so, and do so without being told they are free not to respond,

hardly eliminates the consensual nature of the response. . . . Unless the circumstances of the encounter are so intimidating as to demonstrate that a reasonable person would have believed he was not free to leave if he had not responded, one cannot say that the questioning resulted in a detention under the Fourth Amendment.

Interpreting *Terry, supra,* and its progeny, this Court in *People v Daniels,* 160 Mich App 614, 619; 408 NW2d 398 (1987), stated:

Thus, it appears that for *Terry* purposes a police approach for questioning on the street amounts to a consensual encounter, not a *Terry* stop, unless there exist intimidating circumstances leading the person to reasonably believe he was not free to leave or the person rebuffs the police officer by refusing to answer and walking away. It is in the latter situations that justification for a *Terry* stop must be present before the police may detain the person.

We conclude that no investigatory stop had occurred at the point where Officer Schwartz had pulled within twenty feet of the suspect car and was leaving his vehicle. Officer Wozniak's patrol car was behind Schwartz's. According to Officer Schwartz, he had not used the overhead lights of his semi-marked car and did not have his gun drawn. Before Schwartz had any opportunity to speak or question the occupants of the car, defendant's passenger created, by his actions, a reasonable articulable suspicion of criminal activity, at least by the passenger. The initial actions of the police officers were not so intimidating as to lead defendant to reasonably believe he was not free to leave or rebuff the officers by refusing to answer any questions and drive away. *Daniels, supra.* Absent an investigatory stop prior to the passen-

ger's suspicious movements, the officers were not required to show that they had a reasonable articulable suspicion of criminal activity by defendant.

Defendant further argues that the search of his person was unlawful, because it was not incident to a lawful arrest. First, he contends the officers never testified that there were alcoholic beverages in the open beer can and cognac bottle. Officer Wozniak testified on several occasions that there were open intoxicants in the vehicle in plain view. We can only conclude at this juncture that the officer meant what he said.

Defendant also claims that his arrest pursuant to MCL 436.34a; MSA 18.1005(1) was unlawful, because the statute's prohibition against open containers of alcoholic beverages is limited to vehicles on state highways. Defendant argues that, because his vehicle was not on a public highway, he could not be arrested under that statute.

MCL 764.15(1)(a); MSA 28.874(1)(a) authorizes a peace officer to arrest a person without a warrant when an ordinance violation is committed in the peace officer's presence. Farmington Hills Ordinances, § 80.310 states:

> *Transportation of Liquor in Passenger Compartment of Vehicle; Restrictions; Exceptions.* A person shall not transport or possess any alcoholic liquor in a container which is open, uncapped or upon which the seal is broken, within the passenger compartment of a vehicle in a public place. If the vehicle does not have a trunk or compartment separate from the passenger compartment, a container which is open, uncapped or upon which the seal is broken shall be encased or enclosed.

Because defendant's vehicle was parked in a public place, his arrest pursuant to § 80.310 was lawful. Once defendant was lawfully arrested, Officer

Wozniak was free to search him incident to that arrest. *United States v Robinson,* 414 US 218; 94 S Ct 467; 38 L Ed 2d 427 (1973); *People v Chapman,* 425 Mich 245, 250; 387 NW2d 835 (1986). Moreover, once defendant and his passenger were arrested, the police officers were empowered to conduct a search without a warrant of the entire passenger department of defendant's car and any containers found in the compartment. *New York v Belton,* 453 US 454, 458-460; 101 S Ct 2860; 69 L Ed 2d 268 (1981); *People v Ragland,* 149 Mich App 277, 281; 385 NW2d 772 (1986); *People v Waddell,* 132 Mich App 171, 172-173; 347 NW2d 13 (1984). Therefore, the evidence obtained from defendant's person and from the passenger compartment of his vehicle was seized pursuant to a lawful search.

In his final Fourth Amendment challenge to the admissibility of evidence, defendant claims that the search of the trunk was not a valid inventory search and was beyond the scope of a search incident to his arrest. We agree. The search of the trunk was not a valid inventory search, because the officers' purpose was to unearth contraband rather than inventory the vehicle's contents, because the officers failed to follow established departmental procedures for an inventory search, and because their removal of the panel from inside the trunk went far beyond the scope of those procedures. See *Colorado v Bertine,* 479 US 367, 371; 107 S Ct 738; 93 L Ed 2d 739 (1985); *People v Long (On Remand),* 419 Mich 636, 648; 359 NW2d 194 (1984); *People v Russell,* 174 Mich App 357, 363; 435 NW2d 487 (1989). Moreover, the search of the trunk was not properly within the scope of a search incident to defendant's or his passenger's lawful arrest. See *Belton, supra* at 460, n 4.

However, the search of the trunk of defendant's car was proper under the automobile exception to

the requirement of a search warrant. As recognized by the Supreme Court in *United States v Ross,* 456 US 798, 825; 102 S Ct 2157; 72 L Ed 2d 572 (1982), a police officer who has probable cause to believe there is contraband somewhere in an automobile may search the entire vehicle and any containers found therein without first obtaining a warrant. See also *People v Cruz,* 161 Mich App 238, 241-242; 409 NW2d 797 (1987), lv den 430 Mich 855 (1988). "Probable cause exists when the facts and circumstances warrant a person of reasonable prudence to believe that evidence of a crime or contraband sought is in a stated place." *People v Harmelin,* 176 Mich App 524, 534; 440 NW2d 75 (1989), citing *People v Goins,* 164 Mich App 559, 560; 417 NW2d 499 (1987), lv den 430 Mich 870 (1988).

When we consider all of the facts and circumstances known to the officers at the time of the search, we are convinced that they warranted a person of reasonable prudence to believe that contraband was hidden somewhere in the vehicle. Defendant and his passenger had been parked in the apartment complex parking lot for some time and under such circumstances as to prompt a citizen to report their suspicious activities to the police. When the officers arrived to investigate the report, defendant's passenger nervously left the car and attempted to conceal the small amount of cocaine he had in his hand. Inside the vehicle, the officers found a fully loaded revolver and drug paraphernalia. When searched, defendant had a telephone pager, a small vial of cocaine with attached silver spoon, and over $2,700 in cash on his person. As the trial court concluded, these facts, in totality, established probable cause to believe that defendant's vehicle contained more contraband. See *Harmelin, supra.* Because the evidence ob-

tained from defendant's person and car was seized pursuant to a lawful search, it was admissible and properly considered by the magistrate in binding defendant over and by the jury in finding him guilty.

Defendant also contends that the trial court abused its discretion in denying him an adjournment of trial in order to obtain new counsel. A trial court's decision whether to grant or deny a requested continuance is discretionary and will not be reversed absent an abuse of discretion. *People v Wilson,* 397 Mich 76, 80; 243 NW2d 257 (1976); *People v Sekoian,* 169 Mich App 609, 613; 426 NW2d 412 (1988), lv den 431 Mich 870 (1988). In determining whether a trial court has abused its discretion in denying a criminal defendant's request for a continuance, we consider whether: (1) the defendant was asserting a constitutional right; (2) he had a legitimate reason for asserting that right; (3) he was not negligent in asserting it; (4) prior adjournments of trial were not at his request; and (5) on appeal, he has demonstrated prejudice resulting from the trial court's abuse of discretion. *Wilson, supra; People v Charles O Williams,* 386 Mich 565, 578; 194 NW2d 337 (1972).

Here, defendant was asserting his constitutional right to counsel of his own choosing. See *Charles O Williams, supra* at 575; *People v Krysztopaniec,* 170 Mich App 588, 598; 429 NW2d 828 (1988), lv den 432 Mich 873 (1989). The request for a continuance was based on the alleged breakdown of the attorney-client relationship, which stemmed, at least in part, from defense counsel's lack of success on the suppression motion. However, the trial court considered the motion to be a dilatory tactic by defendant, because it was made on the day of trial. The only basis for his request apparent from the record was the trial court's denial of his sup-

pression motion, and the record indicates that defendant had other reasons for his unhappiness with his attorney well before the date set for trial. As he explained to the court, "Oh, I've been trying to fire him before—or—I mean, for certain reasons I was unhappy." In addition, while defense counsel asserted that they had made no previous requests for adjournments, the trial court's recollection was that there had been several adjournments. The court also noted that the case was the oldest on the docket.

From a consideration of these factors as a whole, we cannot say that the trial court abused its discretion. Moreover, defendant has not asserted any prejudice resulting from the trial court's denial of the requested continuance. Under these circumstances, defendant is not entitled to relief on this claim of error.

Finally, defendant argues that the trial court should have sentenced him pursuant to amended MCL 333.7401(2)(a)(iii); MSA 14.15(7401)(2)(a)(iii), which became effective on March 30, 1988, after defendant committed the crime and before he was sentenced. The amended statute reduced the minimum term of imprisonment from ten years to five years.

We find no merit to defendant's argument. Generally, a criminal defendant is sentenced according to the statute in force at the time he committed the crime. *People v Osteen,* 46 Mich App 409, 413; 208 NW2d 198 (1973), lv den 390 Mich 760 (1973); *People v Poole,* 7 Mich App 237, 243; 151 NW2d 365 (1967). An amendment to a criminal statute which concerns sentences or punishment is not retroactive. *Osteen, supra; Poole, supra.* The Legislature's failure to expressly provide otherwise in amending § 7403(2)(a)(iii) validates defendant's sentence under the version of the statute in effect at

the time he committed the crime. See *People v Jackson,* 179 Mich App 344, 351; 445 NW2d 513 (1989). But see *People v Schultz,* 172 Mich App 674; 432 NW2d 742 (1988), lv gtd 432 Mich 892 (1989).

Affirmed.