## PEOPLE v CARTER

Docket No. 120807. Submitted January 8, 1992, at Grand Rapids. Decided May 4, 1992, at 9:05 A.M. Leave to appeal denied, 440 Mich 907.

Tommie D. Carter was convicted by a jury in the Washtenaw Circuit Court, William F. Ager, Jr., J., of possession with intent to deliver less than fifty grams of cocaine. He appealed, claiming that evidence of the cocaine should have been suppressed because the Michigan State Police troopers who stopped him for speeding on a highway and arrested him on outstanding warrants relating to other traffic violations lacked probable cause to search the trunk of his automobile, where the cocaine was found. The troopers searched the trunk after searching the defendant and finding a notebook and telephone paging device, items they associated with drug trafficking.

The Court of Appeals *held:*

A search of an automobile without a warrant is reasonable where the automobile legitimately has been stopped by a police officer and the officer has probable cause to conduct the search, i.e., where the facts and circumstances would warrant a person of reasonable prudence to believe that the automobile contains evidence of a crime or contraband. If a search is so justified, it may include every part of the automobile and its contents that may conceal the object of the search.

The record in this case lacked objective facts to support a conclusion that the state troopers, upon finding the notebook and the pager, had probable cause to believe that illicit drugs would be found in the automobile. The possession of a notebook containing unexplained notations or of a pager is not a criminal act. Remand is required for further proceedings during which the prosecution, at the trial court's discretion, may offer additional proofs and argument concerning probable cause. The defendant's conviction must be reversed if the prosecution is unable to establish that the search of the trunk was lawful.

Remanded.

REFERENCES

Am Jur 2d, Searches and Seizures § 16.

See the Index to Annotations under Automobiles and Highway Traffic; Search and Seizure.

DOCTOROFF, J., dissenting, stated that, under the facts and circumstances of the stop and arrest, there was probable cause to support the search of the trunk of the automobile, supporting denial of the defendant's motion to suppress the evidence.

SEARCHES AND SEIZURES — WITHOUT WARRANTS — AUTOMOBILES — PROBABLE CAUSE.

  Probable cause to believe that an automobile contains illicit drugs is not established by the seizure of a telephone pager and a notebook with coded notations from a motorist arrested on an outstanding warrant after initially being detained for a traffic violation.

*Frank J. Kelley,* Attorney General, *Gay Secor Hardy,* Solicitor General, *William F. Delhey,* Prosecuting Attorney, and *David A. King,* Assistant Prosecuting Attorney, for the people.

*Daniel J. Rust,* for the defendant on appeal.

Before: MARILYN KELLY, P.J., and DOCTOROFF and GRIFFIN, JJ.

GRIFFIN, J. Following a jury trial, defendant was convicted of one count of possession with intent to deliver less than fifty grams of cocaine. MCL 333.7401(2)(a)(iv); MSA 14.15(7401)(2)(a)(iv). Defendant was sentenced to 1½ to 20 years in prison, and he now appeals as of right. We remand for further proceedings.

I

On November 1, 1986, defendant was stopped for speeding by Michigan State Police Trooper Geoffrey Flohr. Trooper Flohr clocked defendant's vehicle traveling at ninety-eight miles per hour on US-23. During the course of the stop, it was revealed that defendant's vehicle was a rental car. The rental papers disclosed that the vehicle had been rented by someone else, that the rental agreement

had expired, and that defendant was not an authorized driver under the agreement. In addition, a check of the Law Enforcement Information Network revealed that defendant had outstanding warrants for traffic violations.

Defendant was told that he needed to post a $100 bond in cash for the outstanding warrants. When defendant could not do so, he was placed under arrest by Trooper Steven Farrell, who had responded to Flohr's call for a backup. Farrell searched defendant and discovered, inter alia, a small green notebook and a telephone paging device.

The troopers reviewed the notebook, which contained a list of names, locations, and numbers. According to Trooper Flohr's testimony at trial, defendant was unable to explain the notations in the notebook to the troopers' satisfaction. Believing that the notebook and pager were evidence of drug trafficking, the troopers searched the trunk of the vehicle. Inside, they found a black case containing a digital scale and a paper bag full of envelopes and plastic packages containing cocaine.

II

On appeal, defendant contends that the trial court erred in denying his motion to suppress evidence.[1] Specifically, defendant argues that the police did not have probable cause to search the trunk and that therefore the evidence that formed the basis of his conviction should have been suppressed. On the basis of the record before us, we agree.

It is well settled that the police may lawfully search an automobile without a warrant where

[1] Defendant's motion was mislabeled as a motion to quash. No prejudice from this error has been alleged.

they have probable cause to believe that the vehicle contains contraband. What has become known as the "automobile exception" to the warrant requirement was recently summarized by this Court in *People v Martinez,* 187 Mich App 160, 169; 466 NW2d 380 (1991):

> In *United States v Ross,* 456 US 798; 102 S Ct 2157; 72 L Ed 2d 572 (1982), the Supreme Court reiterated the rule that a search of an automobile without a warrant is reasonable where the automobile legitimately has been stopped by a police officer and the police officer has probable cause to conduct the search. The Court further clarified the rule to specifically hold that if probable cause justifies the search of the lawfully stopped vehicle, it justifies the search of every part of the vehicle and its contents that may conceal the object of the search. Thus, the scope of a search without a warrant authorized by the automobile exception is neither broader nor narrower than that which a magistrate could legitimately authorize by a search warrant. *Id.* at 825. See also *Michigan v Thomas,* 458 US 259, 261; 102 S Ct 3079; 73 L Ed 2d 750 (1982).

The test for probable cause is whether the facts and circumstances known to the officers would warrant a person of reasonable prudence to believe that evidence of a crime or contraband sought is in a stated place. *Martinez, supra* at 170; *People v Sinistaj,* 184 Mich App 191, 200; 457 NW2d 36 (1990). Furthermore, in *Ross,* supra at 808, the Supreme Court explained:

> [T]he probable-cause determination must be based on objective facts that could justify the issuance of a warrant by a magistrate and not merely on the subjective good faith of the police officers. " '[A]s we have seen, good faith is not enough to constitute probable cause. That faith

must be grounded on facts within knowledge of the [officer], which in the judgment of the court would make his faith reasonable.' " *Id.* [*Carroll v United States,* 267 US 132, 161-162; 45 S Ct 280; 69 L Ed 543 (1924), quoting *Director General of Railroads v Kastenbaum,* 263 US 25, 28; 44 S Ct 52; 68 L Ed 146 (1923).]

We have thoroughly reviewed the relevant portions of the record in this case. Having done so, we are persuaded that the facts at hand did not provide the troopers with sufficient probable cause to search the car for drugs.

In attempting to validate the search, the prosecutor submits that Trooper Flohr on the basis of his experience, believed the notations in the notebook and the pager provided "strong evidence of drug trafficking." At first blush, we find it difficult to quarrel with this assessment. Indeed, we would be ignoring the wisdom of our own experience as appellate judges if we refused to acknowledge that drug dealers often use paging devices and coded documents to facilitate their trade. We must emphasize, however, that neither possession of a pager nor possession of a notebook containing unexplained notations is a criminal act. Many legitimate occupations require the use of paging devices. In our view, what is missing from this case is a factual basis for the troopers' belief that the pager and the notebook found on defendant indicated the presence of drugs in the car at the time the troopers conducted their search. Despite whatever suspicions the troopers may have had regarding defendant's involvement in the drug trade, the fact remains that the record is devoid of any objective facts that would alert the troopers to the presence of contraband within the confines of the vehicle itself.

Finally, we note that our review of this matter

is for clear error. We will reverse a trial court's ruling on a suppression issue only if we are left with a definite and firm conviction that a mistake was made. *Martinez, supra* at 171. Here, we are constrained to note that both the district court and the circuit court were seriously concerned about the validity of this search. Ultimately, the circuit court reasoned that the search was reasonable because the troopers "felt that something was wrong, felt it in [their] bones." Such reasoning, in our view, indicates an improper focus on the troopers' subjective beliefs regarding what the vehicle might have contained.

III

On the basis of the foregoing, we reverse the circuit court's finding that the evidence found in the trunk was admissible as the product of a search based on probable cause. We remand for further proceedings consistent with this opinion. On remand, the circuit court at its discretion may allow the people to introduce additional proofs and argue alternative theories regarding the motion to suppress. The circuit court is directed to reverse defendant's conviction if the prosecution is unable to prove the legality of the search and seizure of the evidence found in the trunk.

Remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.

MARILYN KELLY, P.J., concurred.

DOCTOROFF, J. *(dissenting).* I respectfully dissent.

I disagree with the majority's conclusion that the search and seizure of the evidence found in the trunk was not supported by probable cause.

Trooper Flohr testified that his experience led

him to believe that the notations in the notebook in conjunction with the pager indicated that defendant was involved in drug trafficking. In addition, Flohr testified that defendant's behavior was unusual because, upon being stopped, defendant got out of the vehicle and approached the patrol car. Defendant appeared nervous and his speech was rapid. I believe that all the facts and circumstances of the stop and arrest warranted the troopers' belief that contraband was somewhere in the vehicle. In my view, additional objective facts are not necessary to support a finding of probable cause.

I would affirm the trial court's denial of defendant's motion to suppress evidence.