*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

COREY DEVON RODDY,

        Defendant-Appellant.

UNPUBLISHED
January 26, 2023

No. 358379
Cass Circuit Court
LC No. 18-010102-FC

Before: RIORDAN, P.J., and MARKEY and REDFORD, JJ.

PER CURIAM.

Defendant appeals as of right his jury trial convictions of two counts of first-degree criminal sexual conduct, MCL 750.520b(1)(b), and one count of third-degree criminal sexual conduct, MCL 750.520d(1)(a). Defendant was sentenced as a fourth-offense habitual offender, MCL 769.12, to concurrent terms of 30 to 50 years' imprisonment for the first-degree criminal sexual conduct convictions, and 25 to 40 years' imprisonment for the third-degree criminal sexual conduct conviction. We affirm.

## I. FACTS AND PROCEEDINGS

This case arises out of the repeated rape of a 14-year-old victim. Trial originally was scheduled to begin in July 2018. However, after four adjournments, and defendant's year-and-a-half long abscondence, the trial did not begin until July 13, 2021. Between December 2017, when the charges were filed, and the July 2021 trial date, defendant was represented sequentially by three different attorneys: Gregory Feldman, James Miller, Robert Drake, and Feldman again. Evidence of defendant's dissatisfaction with his trial attorney, Feldman, first surfaced the day before trial during a hearing on a motion to withdraw as counsel and for defendant to proceed pro se. After clarifying that defendant did not wish to appear pro se but rather be represented by retained counsel Eddie Johnson, and was therefore not asserting his constitutional right to self-representation, the trial court provided defendant with two choices. Defendant could either proceed with Feldman as his attorney or have an attorney file a substitution and appear at trial the

-1-

next day.[1]  The following morning, the court convened for trial with Feldman representing defendant.  On the second day of trial, defendant indicated that he did not want to be present during the preliminary proceedings.  However, defendant eventually did join the preliminary proceedings, asserting that he was being treated unfairly, complaining that Feldman was not representing him to the "fullest" or "correctly," and requesting substitute counsel.  The trial court recognized defendant's concerns regarding his current counsel but highlighted how Feldman was representing his interests, as Feldman was making appropriate objections and was successful with respect to certain evidentiary issues.  The trial court then denied defendant's oral motion for substitute counsel and proceeded with trial.  Eventually, the jury returned guilty verdicts after less than an hour of deliberations.

## II.  DISCUSSION

Defendant argues that the trial court abused its discretion by erroneously denying his requests for new counsel.  Specifically, defendant argues that the trial court should have either (1) appointed substitute counsel, or (2) delayed the proceedings until retained counsel Johnson could appear.  We disagree.

This Court reviews a trial court's decision whether to order substitute counsel for an abuse of discretion.  *People v Traylor*, 245 Mich App 460, 462; 628 NW2d 120 (2001).  We also review a trial court's decision whether to adjourn trial for a defendant's "counsel of his own choosing" for an abuse of discretion.  *People v Sinistaj*, 184 Mich App 191, 201; 457 NW2d 36 (1990).  A trial court abuses its discretion if its decision is outside the range of reasonable and principled outcomes.  *People v Johnson*, 502 Mich 541, 564; 918 NW2d 676 (2018).

A criminal defendant has the right to assistance of counsel in criminal proceedings.  See US Const, Am VI; Const 1963, art 1, § 20.  The Sixth Amendment right to counsel provides the opportunity for a defendant to consult with an attorney and have the attorney evaluate the case and develop a defense.  *Kansas v Ventris*, 556 US 586, 590; 129 S Ct 1841; 173 L Ed 2d 801 (2009).  However, an indigent person is not entitled to have counsel of his or her choosing appointed on his or her behalf, and a defendant cannot use the procedure for substituting counsel to obtain counsel of choice.  See *People v Russell*, 471 Mich 182, 192 n 25; 684 NW2d 745 (2004); see also *People v Strickland*, 293 Mich App 393, 397; 810 NW2d 660 (2011) (stating that a defendant is not entitled to counsel of choice "simply by requesting that the attorney originally appointed be replaced") (quotation marks and citation omitted).  Only upon a showing of good cause, and if substitution will not unreasonably disrupt the judicial process, may a criminal defendant be entitled to the appointment of substitute counsel.  *Strickland*, 293 Mich App at 397.  Disinterest, lack of diligence, or inadequacy of counsel can establish good cause.  See *People v Ginther*, 390 Mich 436, 441-442; 212 NW2d 922 (1973).  Lacking confidence in one's attorney does not warrant substitute counsel, but a genuine disagreement over a critical trial tactic may.  *Traylor*, 245 Mich App at 462.

---

[1] Feldman informed the trial court at the hearing that he had conversed with Johnson, and Johnson would not be available for a few months.

Appellant's argument that the trial court should have appointed substitute counsel is meritless. The trial court adequately investigated defendant's request for new counsel during the eve-of-trial motion hearing and midtrial, and defendant did not establish good cause for either request. In other words, he did not articulate a genuine reason as to why counsel was inadequate. Instead, he generally complained that he was not being treated "fairly." However, as we have explained, "[a] mere allegation that a defendant lacks confidence in his or her attorney, unsupported by a substantial reason, does not amount to adequate cause," and "a defendant's general unhappiness with counsel's representation is insufficient" as well. *Strickland*, 293 Mich App at 398.[2] Further, appointing substitute counsel given the timing of defendant's requests would have impacted the prompt and efficient administration of justice because the parties were already granted four earlier adjournments, defendant absconded for almost a year and a half, and the case was already three years old.

In addition, we note that the trial court at the motion hearing explained to defendant the legal requirements for self-representation, the appointment of counsel for indigent defendants, and Feldman's extensive experience with the case. Rather than assume that defendant's request for substitute counsel lacked foundation, the trial court made several inquiries to determine whether new counsel was appropriate. Moreover, when defendant orally requested a different attorney midtrial, the trial court responded to his grievances concerning Feldman's representation, and highlighted how Feldman was promoting defendant's interests. Thus, the trial court appropriately considered defendant's requests for substitute counsel.

Defendant's argument that the trial court should have adjourned trial to wait for the availability of his newly retained counsel of choice Johnson also is meritless.[3] In *People v Akins*, 259 Mich App 545; 675 NW2d 863 (2003), this Court set forth the following five-factor test for determining whether a trial court abuses its discretion by refusing to adjourn trial so that a defendant may retain counsel of his choice:

> (1) whether the defendant is asserting a constitutional right, (2) whether the defendant has a legitimate reason for asserting the right, such as a bona fide dispute with his attorney, (3) whether the defendant was negligent in asserting his right, (4) whether the defendant is merely attempting to delay trial, and (5) whether the

---

[2] Defendant argues that he expressed a legitimate need for substitute counsel because of the complete breakdown of the attorney-client relationship, as indicated by Feldman's motion to withdraw as counsel. However, defendant "may not purposely break down the attorney-client relationship by refusing to cooperate with his assigned attorney and then argue that there is good cause for a substitution of counsel." *People v Meyers (On Remand)*, 124 Mich App 148, 166–67; 335 NW2d 189 (1983). During the motion hearing, Feldman revealed that the events causing the strain in the attorney-client relationship primarily occurred within the last 36 hours leading up to trial. Again, defendant did not explain why he was dissatisfied with Feldman as his attorney, only that he felt uncomfortable with Feldman representing him.

[3] Defendant did not expressly request that the trial court adjourn trial, but given the timing of his request for retained counsel, we will treat that request as including a desire for adjournment.

defendant demonstrated prejudice resulting from the trial court's decision. [*Id*. at 557 (citation omitted).]

Most of the factors weigh in favor of the trial court's decision. It is true that in "limited" circumstances, a defendant has a "right to choice of counsel." *People v Aceval*, 282 Mich App 379, 386; 764 NW2d 285 (2009). However, as previously explained, defendant did not offer a concrete reason for asserting his right to have Feldman replaced by another new counsel of his choice. Moreover, given that defendant requested that Feldman be replaced by retained counsel Johnson the day before trial, the delay can only be characterized as "negligent."[4] Indeed, given the extreme delay in requesting retained counsel Johnson, coupled with the fact that Johnson apparently would not be available for a few months, the only logical inference is that defendant was seeking to further postpone the trial.

Finally, defendant does not demonstrate on appeal, and did not demonstrate below, how representation by retained counsel Johnson would have impacted the outcome of his case. Defendant does not address the various testimonies presented against him, the unavailability of his witnesses for trial, or any error by Feldman that would have altered the result of the proceedings. Defendant refers to vague strategic differences, but "[c]ounsel's decisions about defense strategy, including what evidence to present and what arguments to make, are matters of trial strategy, and disagreements with regard to trial strategy or professional judgment do not warrant appointment of substitute counsel." *Strickland*, 293 Mich App at 398 (citations omitted). Therefore, defendant has failed to establish prejudice resulting from the trial court's decision.

## III. CONCLUSION

The trial court did not abuse its discretion by refusing to appoint substitute counsel or by refusing to adjourn trial to wait for the availability of retained counsel Johnson. We affirm.

---

[4] Defendant argues that he was not negligent in making his request for substitute counsel because he had sent a letter to the trial court approximately two years earlier expressing that desire. We disagree. Defendant was continuously represented by three different attorneys for the previous three years of his case, and he did not express frustration with any of those appointed counsel during any conference. Additionally, the letters addressed to the trial court airing defendant's grievances with counsel were during Miller's representation of defendant, and before defendant failed to appear for his first scheduled trial date. During the five months Feldman was appointed, there was no indication of a strained relationship or genuine disagreements over fundamental issues that would require new counsel. While defendant argues that he did not file a prior motion with the trial court because he believed that he required the court's permission to hire a retained attorney, he did so on the eve of trial by contacting Johnson. Moreover, much like the *Akins* defendant, defendant in this case was free to retain any attorney he wanted, as long as counsel could be present for the scheduled trial date. See *Akins*, 259 Mich App at 558. This amply shows defendant's negligence in obtaining new counsel despite the three-year timeline of his case, and his prior experience with the courts.

/s/ Michael J. Riordan
/s/ Jane E. Markey
/s/ James Robert Redford