*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

CECIL RAYMOND-JERRY MCKINNEY,

Defendant-Appellant.

FOR PUBLICATION
June 11, 2026
1:50 PM

No. 371378
Montcalm Circuit Court
LC No. 2023-030698-FH

Before: CAMERON, P.J., and BOONSTRA and SWARTZLE, JJ.

SWARTZLE, J.

Defendant appeals his conviction and sentence for being a prisoner in possession of a weapon, claiming an error in jury instructions, a due-process-rights violation in relation to his hearing ability, and a disproportionate sentence. Because "momentary possession" is not a defense to weapon-possession crimes in Michigan, the trial court did not err in rejecting defendant's request for a jury instruction. Finding no other reversible errors, we affirm.

## I. BACKGROUND

Defendant has been incarcerated since 2021 after being convicted of absconding or forfeiting bond and tampering with an electronic monitoring device. This case arose when defendant was transferred from segregation into a new cell with another inmate. After the transfer, a corrections officer heard banging from defendant's cell and looked inside the cell to see defendant holding a lock inside of a sock. Not only was defendant holding the combined item, but an officer testified that defendant was "in a defensive stance whacking the window" with the item. Defendant also allegedly stated the following: "I have a lock with your guys' name on it." Multiple officers responded to defendant's cell and drew their tasers on defendant, who held the combined object and appeared to be in a position to swing it. Defendant eventually dropped the object and was ordered onto the ground. It required three officers to escort defendant to segregation due to defendant's resistance.

Defendant was charged with being a prisoner in possession of a weapon, MCL 800.283(4). Defendant claimed that he found the lock inside of the sock within a pile of clothes in the cell after he was transferred. Although defendant contended that he was attempting to turn over the lock

-1-

and sock to the officers, he also admitted that he picked up the items and had yelled, kicked, and banged on the door to attract attention.

At his jury trial, defendant—who experienced full and partial deafness in his ears and read lips to compensate for the hearing loss—experienced issues with the hearing devices provided by the trial court. After jury selection, defendant indicated that he had a hard time hearing the jury selection, and his counsel moved to adjourn so defendant could get access to a functioning hearing device. In lieu of granting the adjournment, the courtroom was reconfigured to help facilitate defendant's hearing and reading of lips. The trial court informed and confirmed with defendant several times that if he was unable to hear, defendant would bring it to the trial court's attention. Witnesses were also directed to look in defendant's direction while testifying. No further motions or mentions of defendant's inability to hear were made by defendant.

Before closing arguments, defense counsel requested a special jury instruction on a defense of "momentary possession," arguing that defendant possessed the item only for the brief time necessary to turn the item over to the officers. The trial court denied defendant's request for the special instruction, reasoning that prisoner in possession was a strict liability crime and the special jury instruction would read an additional intent requirement into the statute. Ultimately the jury found defendant guilty of being a prisoner in possession of a weapon.

Defendant's presentence investigation report (PSIR) outlined defendant's personal and criminal history, including over forty prior convictions. The PSIR also indicated that he accumulated approximately thirty-six misconducts during his current incarceration, although defendant claimed that he only had seven misconducts during his current incarceration and that the higher number could be the total amount of misconducts throughout all of his time incarcerated. After considering defendant's life challenges, the trial court sentenced defendant as a fourth-offense habitual offender, MCL 769.12, to a term of 36 to 300 months of imprisonment.

Defendant now appeals.

II. ANALYSIS

A. JURY INSTRUCTIONS

On appeal, defendant first argues that the trial court erred by not instructing jurors on a defense of "momentary possession." We review "for an abuse of discretion the trial court's decision regarding the applicability of a jury instruction to the facts of a specific case." *People v Armstrong*, 305 Mich App 230, 239; 851 NW2d 856 (2014). A trial court abuses its discretion when its decision falls outside the range of reasonable and principled outcomes. *People v Babcock*, 469 Mich 247, 269; 666 NW2d 231 (2003).

The trial court did err in viewing prisoner in possession as a strict-liability crime. Under MCL 800.283(4), a prisoner shall not have unauthorized possession or control of a weapon or other implement which may be used to injure another person. MCL 800.283(4) does not require a particular mental state beyond the intent to perform the physical act, i.e., possessing a weapon, which makes it a general intent crime. See *People v Fennell*, 260 Mich App 261, 266; 677 NW2d 66 (2004).

With that said, the trial court's error was harmless, and, more importantly, the trial court did not err in declining defendant's request to instruct jurors on the so-called defense of "momentary possession." Briefly put, the defense of "momentary possession" is a claim that the defendant possessed the weapon with the intent of delivering the weapon to the police or other authority as soon as possible. *People v Hernandez-Garcia*, 477 Mich 1039, 1040 (2007). Our Supreme Court has found that such a claim was not a defense to a charge of unlawfully carrying a concealed weapon. *Id.* Similarly, this Court has referred to the claim of "momentary possession" as the "now-defunct momentary innocent possession theory," and it has found that the claim was not a defense to the crime of felon in possession of a firearm. *People v Dupree*, 284 Mich App 89, 111; 771 NW2d 470 (2009).

Here, defendant claims that his intent to deliver the weapon to the guards had a bearing on whether he committed a crime under MCL 800.283(4), but, as a general-intent crime, defendant only needed to intend possession of the weapon to be guilty of prisoner in possession. Similarly, both unlawful carrying of a concealed weapon and felon in possession are general-intent crimes like prisoner in possession, and all three crimes have parallel statutory structures with two key elements: (1) possession of a weapon; and (2) ineligibility to possess it. See MCL 800.283(4); MCL 750.224f; MCL 750.227. Therefore, following *Hernandez-Garcia* and *Dupree*, we conclude that the claim of "momentary possession" is inapplicable to the crime of prisoner in possession of a weapon.

In support of his argument on appeal, defendant directs this Court to *People v Perry*, 145 Mich App 778; 377 NW2d 911 (1985). In that case, defendant was convicted of being a prisoner in possession of a weapon, and his conviction was reversed on appeal. As this Court explained in *Perry*, "We believe that defendant was entitled to have the jury instructed that, if the jury believed that defendant had acquired the pipe purely in self-defense and had intended to give it to the guards at the first opportunity, defendant was not guilty of 'possessing' the weapon." *Id*. at 783. Call this the "self-defense + momentary possession" defense.

We are not persuaded that *Perry* dictates a different result here for a couple of reasons. First, defendant in the instant case did not request a "self-defense + momentary possession" instruction; rather, he requested solely a "momentary possession" instruction. Thus, *Perry* is arguably distinguishable on this ground alone. But second, even if we read *Perry* expansively to provide for an instruction on "momentary possession" by itself and not as a part of a more comprehensive self-defense theory, *Perry* is a pre-November 1, 1990, decision of this Court. When the legal landscape has shifted in the interim, such as here with *Hernandez-Garcia* and *Dupree*, we are not bound to follow a pre-November 1, 1990, decision of this Court, even a published one. See MCR 7.215(J)(1); cf. *Plachta v Plachta*, ___ Mich App ___, ___; ___ NW3d ___ (2026) (Docket No. 374260); slip op at 4-5 (explaining that panels of this Court should follow pre-November 1, 1990, published decisions on stare decisis grounds, though acknowledging that a panel can reject one of those earlier decisions when the legal landscape justifies such a rejection). For these reasons, we are not bound by *Perry*.

The trial court denied defendant's request for the jury instruction on the defense of "momentary possession," correctly reasoning that such instruction would require an additional element of intent not provided under the statute. Thus, the trial court did not err by declining to provide defendant's requested jury instruction.

## B. DEFENDANT'S HEARING

Next, defendant argues that the trial court abused its discretion and violated defendant's due-process rights by denying his request for an adjournment to obtain a functioning hearing aid. We review for an abuse of discretion the trial court's decision regarding a motion for an adjournment, *People v Snider*, 239 Mich App 393, 421; 608 NW2d 502 (2000), and review de novo constitutional questions such as a claim that defendant's due-process rights were violated, *People v Smith*, 498 Mich 466, 475; 870 NW2d 299 (2015).

A defendant has a right under the Fourteenth Amendment to be present during all of stages of trial "where the defendant's substantial rights might be adversely affected." *People v Parker*, 230 Mich App 677, 689; 584 NW2d 753 (1998). If a party requests to adjourn temporarily a trial or hearing, then the motion must be based on good cause and state the reason for it unless the trial court allows otherwise. MCR 2.503(B). When reviewing a trial court's denial of a defendant's motion for adjournment, this Court considers defendant's asserted constitutional right and the reason for the request, defendant's own negligence (if any), and defendant's previous requests for adjournments (if any). *People v Lawton*, 196 Mich App 341, 348; 492 NW2d 810 (1992). The defendant must demonstrate prejudice, *People v Sinistaj*, 184 Mich App 191, 201; 457 NW2d 36 (1990), and the justification for an adjournment must be based on the circumstances in the case, "particularly in the reasons presented to the trial judge at the time the request [was] denied," *People v Holleman*, 138 Mich App 108, 112; 358 NW2d 897 (1984) (cleaned up).

Defendant requested an adjournment based on his inability to hear during jury selection. On learning of defendant's difficulty in hearing jury selection, the trial court rearranged the courtroom, witnesses were told to speak up and look at defendant when testifying, and the jury was notified of defendant's hearing impairment. When the trial court asked defendant if these measures helped, defendant told the trial court that he had "no problem hearing" with the trial court's modified arrangement, and he did not further notify the trial court that he was unable to hear or understand the remaining proceedings. Because defendant has not shown that he was prejudiced after his request for adjournment was denied, the trial court did not abuse its discretion in denying the adjournment.

As for defendant's constitutional claim, the record supports that defendant was able to participate in the proceedings. The only time defendant claimed that he was unable to hear was right after jury selection. The trial court immediately took steps to address the problem, and defendant acknowledged after the courtroom rearrangement that he could hear and understand the proceedings. Despite defendant's lack of access to a functioning hearing aid, defendant was capable of meaningfully participating in his trial such that his due-process rights were not violated.

## C. SENTENCE PROPORTIONALITY

On his final claim on appeal, defendant argues that he is entitled to resentencing because his sentence is unreasonably harsh and disproportionate. We review for an abuse of discretion the reasonableness and proportionality of a defendant's sentence. *People v Dixon-Bey*, 321 Mich App 490, 520; 909 NW2d 458 (2017). A sentence must "be proportionate to the seriousness of the circumstances surrounding the offense and the offender." *People v Norfleet*, 317 Mich App 649, 662-663; 897 NW2d 195 (2016). When sentencing, the trial court should consider "the

reformation of the offender, the protection of society, the discipline of the offender, and the deterrence of others from committing the same offense." *People v Boykin*, 510 Mich 171, 183; 987 NW2d 58 (2022). If a sentence is within the recommended sentencing guidelines, then there is a rebuttable presumption that the sentence is proportionate. *People v Posey*, 512 Mich 317, 359; 1 NW3d 101 (2023).

Defendant was given a within-guidelines sentence of 36 months to 300 months, which was reasonable and proportionate given defendant's actions. Defendant struck the cell door repeatedly with the weapon and threatened multiple officers, stating that he had a lock with their names on it if they entered his cell. When the officers responded to the cell, defendant was in a defensive stance and resisted the officers who escorted him out of the cell. Defendant's possession and actions with the weapon were sufficiently serious to justify his sentence.

As for defendant, he had almost fifty prior convictions in addition to dozens of misconduct citations during his time in prison. Although defendant has faced difficult life circumstances, including hearing challenges, these do not excuse or mitigate his actions here. Defendant's repeated behavior of criminality, even while in prison, indicates that reformation is unlikely. Despite this, the trial court's sentence was tailored to deter defendant from performing these actions again. If it does not deter defendant, then the sentence will at least deter other prisoners from possessing weapons and acting similarly to how defendant did in this instance, thereby protecting other prisoners and officers.

Therefore, the trial court's sentencing decision was proportionate to defendant's history and the serious nature of his offense in this case. Given the reasonable sentence, the trial court did not abuse its discretion.

## III. CONCLUSION

The trial court did not err by rejecting defendant's request that jurors be instructed on the purported defense of "momentary possession" on the charge of prisoner in possession of a weapon. Nor did the trial court commit reversible error when accommodating defendant's hearing difficulties during trial or when sentencing defendant.

Affirmed.

/s/ Brock A. Swartzle
/s/ Thomas C. Cameron
/s/ Mark T. Boonstra